|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

RICHARD ROBERTS,

            Plaintiff,

vs.

CITIBANK, N.A.,

            Defendant.

Case No.: 2:24-cv-01375-GMN-MDC

**ORDER GRANTING MOTION TO DISMISS**

    Pending before the Court is the Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim, (ECF No. 5), filed by Defendant Citibank, N.A. Plaintiff Richard Roberts, filed a Response, (ECF No. 13), and Defendant filed a Reply, (ECF No. 15). Also pending before the Court is Plaintiff's Motion to Request a Hearing, (ECF No. 14). The Court **GRANTS** Citibank's Motion to Dismiss because Plaintiff failed to properly serve Citibank under the applicable rules of civil procedure and failed to state a claim for which relief may be granted. Further, the Court **DENIES AS MOOT** Plaintiff's Motion to Request a Hearing.

**I.    BACKGROUND**

    This case arises out of actions taken by Citibank to close Plaintiff's account after he attempted to pay his debt with "negotiable instruments." (*See generally* First Amend. Compl. ("FAC"), Ex. 3 to Pet. Removal, ECF No. 1-3).[1] Plaintiff initiated this action *pro se* in state court, alleging that Richard J. Roberts is the representative for Richard Roberts, and that he

---

[1] The operative complaint is the FAC, (ECF No. 1-3.) Under Nevada's procedural rules, a party can amend its pleading "as a matter of course" only once. NRCP 15(a). All other amendments require the opposing party's written consent or the court's leave. NRCP 15(a)(2). Here, plaintiff has filed three amended complaints in the state court proceeding (ECF Nos. 1-3, 1-4, 1-5), but the state court's docket reflects that Plaintiff did not have Defendant's consent or the Court's leave to file the second and third. (*See* ECF No. 1-1.)

gave Citibank permission to use the credit of Richard Roberts. (FAC ¶¶ 3–4). Plaintiff has a credit account with Defendant in the form of a Citibank American Airlines AAdvantage Executive World Elite Master Card. (*Id.* ¶ 6). Plaintiff alleges that he can legally create currency because he is a Federal Reserve member bank. (*Id.* ¶ 38). As such, Plaintiff attempted to pay his debt obligations to Citibank by tendering "negotiable instruments" to Defendant. (*Id.* ¶ 7). Plaintiff also tried to pay his debt obligations with three "parcels," which ordered Citibank's Chief Financial Officer "to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero." (*Id.* ¶ 43). According to Plaintiff, the "order inside the parcels [was] an unconditional tender of payment." (*Id.* ¶ 46). Citibank rejected these documents and "parcels" as payment and closed Plaintiff's account. (*Id.* ¶ 54).

After filing this lawsuit in state court, Plaintiff attempted to effectuate service of process on Defendant. In the state court action, Plaintiff filed an affidavit of service where an individual named Mark Talbot asserted to have served Citibank "by placing a true and correct copy" of the FAC "in an envelope addressed to Citibank Legal, Mark Mason CFO" at 2800 South Corporate Place, Riverdale, New Jersey 07457. (Aff. of Service, Ex. 7 to Pet. Removal, ECF No. 1-7). The affidavit of service also purports that Mark Talbot "hand delivered" the document(s), but it is unclear who the documents were handed to. (*Id.*). Citibank removed this action based on federal question jurisdiction and diversity jurisdiction and filed the instant Motion to Dismiss.

Plaintiff is *pro se* and does not receive electronic filing notifications. Defendant served Plaintiff by mail when it removed the state court action to this Court. (Pet. Removal 6:2–8, ECF No. 1). Moreover, Defendant served the pending Motion to Dismiss by mail. (Mot. Dismiss at 8, ECF No. 5). Plaintiff had until August 16, 2024, to file a Response, but did not do so. The Court learned, however, that Plaintiff filed a Response to Defendant's Motion to Dismiss in the remanded state court proceeding. This Court issued an Order, (ECF No. 12), acknowledging

1  Plaintiff's filings in state court and construed them as a request to extend the deadline to
2  respond to Citibank's Motion to Dismiss.  Thus, this Court ordered Plaintiff to file his
3  Response in federal court by November 6, 2024, and Plaintiff complied.  Plaintiff also filed a
4  Motion Requesting a Hearing, (ECF No. 14), requesting (a) leave to file an amended Response
5  to the pending Motion to Dismiss, and (b) a hearing to decide on a Motion for Summary
6  Judgment filed in the state court proceeding.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 4

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure ("FRCP")] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").  Because Plaintiff originally filed his Complaint in state court, Citibank's Motion must be decided under Nevada law, and thus the Court looks to the Nevada Rules of Civil Procedure ("NRCP"). *See Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008).  NRCP 4(d)(2) requires that service of process be made upon a foreign corporation or non-resident entity's agent or representative in-state or, if no such agent or representative is available in-state, then upon the secretary of state or deputy secretary of state.  Further, NRCP 4(e)(2) permits personal service out-of-state.

When applying the NRCP, the Court may look to the corresponding FRCP for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev. 2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev. 1978).  In federal court, FRCP 4 governs the

service of process. When a party brings a motion to dismiss for insufficiency of service of process under FRCP 12(b)(5),[2] the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id.* However, the Court should be mindful that if the defendant likely can be served, quashing service avoids duplicative action on the part of the plaintiff. *Id.* Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

**B. Federal Rule of Civil Procedure 12(b)(6)**

Dismissal is also appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. FRCP 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[2] Under the Nevada Rules of Civil Procedure, motions to dismiss for insufficiency of process are authorized under FRCP 12(b)(4).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

Defendant seeks to dismiss this case for insufficient service of process and failure to state a claim. The Court begins its analysis with Defendant's arguments under FRCP 4.

### A. Federal Rule of Civil Procedure 4

Defendant argues that Plaintiff failed to effectuate service because delivery of a complaint without a summons and delivery by mail are not permitted service methods under the FRCP and NRCP. (Mot. Dismiss 4:6–5:4). Plaintiff asserts that service of process was "properly attempted in accordance with the Nevada Rules of Civil Procedure prior to the remand to federal court." (Resp. at 1, ECF No. 13). In the alternative, Plaintiff seeks permission of the Court to effectuate proper service. (*Id.*)

Plaintiff cannot complete service by delivering a copy of the FAC alone. Pursuant to NRCP 4(c)(2), "[a] summons must be served with a copy of the complaint." Here, there is no indication that a summons was issued, nor does the affidavit of service purport to have attached a summons with the FAC's delivery. (Aff. of Service, Ex. 7 to Pet. Removal). Thus, to the extent that a summons was not served with the FAC, service was not properly effectuated. Because this alone is sufficient to find improper service of process, the Court does not address Defendant's second service of process argument.

Having concluded that service of process was insufficient, the Court would usually decide whether to dismiss Citibank or quash service and grant Plaintiff an opportunity to serve them. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). However, Citibank requests that the Court dismiss the case for insufficient service of process *and* for failure to state a claim. (Mot. Dismiss 1:17–28). Thus, the Court must turn to whether Plaintiff's FAC survives a FRCP 12(b)(6) challenge before determining whether to quash service or dismiss the case.

**B. Federal Rule of Civil Procedure 12(b)(6)**

Defendant argues that Plaintiff failed to state a claim upon which relief can be granted. (*See generally* Mot. Dismiss). Plaintiff brings the following claims: breach of contract, breach of fiduciary duties, and violations of several federal statutes. The Court begins with the alleged violations of federal law.

**1. Federal Law Claims**

Plaintiff alleges that Defendant violated several federal laws under Title 18 and Title 12 of the United States Code. In Plaintiff's Response, he merely argues that his federal law claims are "sufficiently pled" but fails to cite any authority supporting his position and fails to substantively respond to any of Defendant's arguments for dismissal. (*See* Resp. at 2). "On its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted." *Gonzalez v. Bank of America*, N.A., No. 2:13-cv-00460, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)).[3] Notwithstanding Plaintiff's failure to file points and authorities in opposition to the Motion, the Court addresses the merits of Defendant's Motion as it relates to Plaintiff's federal causes of action.

---

[3] The Court mailed Plaintiff a copy of the Litigant Advisory Letter with its October 23, 2024, Order. (*See* Advisory Letter, Attach. 1 to Order, ECF No. 12-1). The Advisory Letter informed Plaintiff that he is "required to follow the Local Rules of Practice for the District of Nevada." (*Id.* at 3).

> *a.* Title 18 Claims

Defendant argues that the claims being brought under Title 18 of the United States Code are deficient as a matter of law because they apply only to criminal prosecutions. (Mot. Dismiss 6:23–24). Generally, there is no private right of action under Title 18. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff has not demonstrated that he has a private right of action under any of the code provisions he relies upon. *See, e.g.*, *Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A.*, 511 U.S. 164, 190 (1994) (expressing "reluctan[ce] to infer a private right of action from a criminal prohibition alone" and refusing to "infer a private right of action from 'a bare criminal statute'"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence ... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). 18 U.S.C. §§ 1956, 2314, and 1348, do not expressly provide for a private right of enforcement and, as a general rule, it is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 284 (1979); *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute'"). In fact, district courts across the United States have specifically held that these statutes do not provide for a private right of action.[4] Even if a cause of action were available, Plaintiff also fails to plead sufficient facts to plausibly satisfy a claim under these statutes. Therefore, these claims fail and are dismissed with prejudice.

---

[4] As to 18 U.S.C. § 1956, a number of federal courts have found that this federal money laundering statute does not provide for a private right of action. *See, e.g., Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (finding that section 1956 does not provide for a civil cause of action); *Pate v. Cheng*, No. C 10-03968 JSW, 2011 WL 13249241, at *2 (N.D. Cal. May 10, 2011) (same). Federal courts have similarly held that there is no private right of action under 18 U.S.C. § 2314. *See, e.g., Nesbit v. Blue Streak Elecs.*, No. 3:20-CV-2255-JR, 2021 WL 1041192 at *2 (D. Or. Feb. 18, 2021); *Crawford v. Adair*, 2008 WL 2952488, at *2 (E.D. Va. Jul. 29, 2008). Federal courts have also held that 18 U.S.C. § 1348 does not provide for a private right of action. *See Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2023 WL 8698359 at *4 (E.D. Cal. Dec. 15, 2023).

The Court now turns to the remaining Title 18 claims: 18 U.S.C. § 1581 (peonage), 18 U.S.C. § 1583 (enticement into slavery), 18 U.S.C. § 1584 (sale into involuntary servitude), 18 U.S.C. § 1589 (forced labor), and 18 U.S.C. § 1593A (benefiting financially from violations of the foregoing crimes). Indeed, under 18 U.S.C. § 1595 "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator." But Plaintiff does not allege that Defendant subjected him to any type of compulsory service, nor does Plaintiff allege facts that, if taken as true, are sufficient to establish that Defendant committed these very serious crimes. Therefore, these claims are dismissed with prejudice for failure to state a claim upon which relief can be granted.

  b. Title 12 Claim

In addition to the Title 18 claims, Plaintiff brings a claim under 12 U.S.C. § 504, also known as Section 29 of the Federal Reserve Act, which imposes civil penalties on banks for certain misconduct. Plaintiff alleges that 12 U.S.C. § 504 is "involved due to [Defendant's] failure to follow the orders of [Plaintiff]" when Defendant would not accept Plaintiff's negotiable instruments and "parcels" as payment for his debt. (FAC ¶ 70). However, many courts, including at least one in the District of Nevada, have determined that private individuals do not have a private right of action to enforce Section 29. *See, e.g.*, *Yenovkian v. Apple card / Goldman Sachs Bank USA*, No. 2:24-CV-00119-RFB-MDC, 2024 WL 4349286, at *2 (D. Nev. Sept. 29, 2024); *see also Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2024 WL 733227, at *3 (E.D. Cal. Feb. 22, 2024) (noting that "numerous district courts across the county have found that the Federal Reserve Act does not provide individuals with a private cause of action"); *Ha v. Provident Credit Union*, No. 23-CV-05472-SVK, 2023 WL 9595362, at *2 (N.D. Cal. Nov. 15, 2023); *Thomas v. BMO Harris Bank*, No. 23-00224-TFM-B, 2024 WL 477542, at *12 (S.D. Ala. Jan. 19, 2024) (collecting cases); *Benz-Puente v. Truist Fin.*, No. 23-2682, 2023 WL 4763998, at *4 (E.D. Pa. July 26, 2023) (compiling more cases). No additional facts could cure

the deficiency of this claim, which is that Plaintiff does not have the right to sue under this statute.  Therefore, the claim is dismissed with prejudice.

**2.  State Law Claims**

Plaintiff also brings claims for breach of contract and breach of fiduciary duties against Defendant under Nevada state law.  Defendant removed the state law claims based on diversity jurisdiction, under 28 U.S.C. § 1332, thus the Court must analyze the merits of these claims.

### a.  Breach of Contract

To state a claim for breach of contract under Nevada law, a plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 1993 P.2d 1259, 1263 (Nev. 2000); *Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F.Supp.3d 1139, 1145 (D. Nev. 2017).  Here, the FAC fails to identify any specific contract, let alone explain how that contract was breached.  Thus, this claim is dismissed.

### b.  Breach of Fiduciary Duty

Similarly, the FAC fails to allege that Citibank owed a fiduciary duty to Plaintiff. "Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties. *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009); *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) ("[T]he Court is satisfied that the Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."), *aff'd in relevant part by Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007). Here, Plaintiff has not alleged any facts that could give rise to a special relationship or exceptional circumstances; therefore, this claim likewise must be dismissed.

1	Indeed, this Court can grant a plaintiff leave to amend their complaint if doing so could
2	cure the deficiencies of the complaint.  In the present case, however, amendment of Plaintiff's
3	claims would be futile because they are all patently frivolous.  The crux of the FAC is that
4	Defendant violated the law by refusing to accept Plaintiff's attempts to pay his outstanding
5	debts.  Based on the Court's review of the FAC, this action appears to rely on a "vapor money
6	theory."  As another court explained:

> [T]he "vapor money," "unlawful money" or "redemption" theories of debt. . . are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender."

*Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (quoting *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015)).  Courts have uniformly rejected this theory and dismissed similar cases as frivolous. *See Williams v. Am. Express Co.*, No. CV 24-1631-MWF, 2024 WL 3914479 (C.D. Cal. July 10, 2024) (collecting cases in which courts have found the vapor money theory "utterly frivolous" and "patently ludicrous").  Thus, Plaintiff's state law claims are also dismissed with prejudice.

///
///
///
///
///
///
///
///
///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Citibank's Motion to Dismiss, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request a Hearing, (ECF No. 14), is **DENIED AS MOOT**.

The Clerk of Court is kindly directed to close this case.

**DATED** this __18__ day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT